## CHARLESTON.

GODFREY L. CABOT, INC., *a Corporation v.*
O. W. COPLIN, SHERIFF OF WIRT COUNTY, *et al.*

(No. 6131)

Submitted September 5, 1928. Decided September 11, 1928.

6

*Lively & Stambaugh,* for appellant.
*H. A. Sommerville,* for appellees.

MAXWELL, JUDGE:

The appellant, Godfrey L. Cabot, Inc., a corporation under the laws of the State of Massachusetts and authorized to do business in the State of West Virginia, owns in fee a large amount of real estate in Wirt County, consisting of all the gas and seven-eighths of the oil in and underlying numerous tracts of land. No pipe line, building or other property in Wirt County is involved in this suit. For the year 1924 the appellant, as a pipe line company, returned all its property, located in several counties including Wirt, to the Board of Public Works for assessment and taxation. Assessments were fixed by the board, and in due course the taxes which were levied in Wirt County on the said assessment were paid by the appellant. In the meantime the said properties in Wirt County were assessed for taxation purposes by the proper authorities of that county, and taxes were extended under the levies for that year. The appellant having declined to pay the taxes under the local assessment, the said properties were returned delinquent for the non-payment of said taxes and were advertised for sale by the sheriff on the 20th day of December, 1926. Appellant thereupon instituted this suit and obtained from the Judge of the Circuit Court of said county an injunction inhibiting and restraining the sheriff and all other persons from proceeding to collect said taxes by sale or otherwise. Upon final hearing on the bill and amended bill and answer to each, no proof having been taken, the circuit court dissolved the injunction and dismissed the suit. From said decree this appeal was awarded.

In the amended bill the following allegation appears:

"Your orator further represents unto Your Honor that the real property owned by your orator, situate in Wirt county, as hereinafter listed by name, tract, districts and acreage, in 'Exhibit Paper,' and advertised for sale by said O. W. Coplin, Sheriff, as hereinafter alleged for the non-payment of taxes, is property which was purchased and held by your orator for the sole, only and exclusive purpose of development and use in Your Orator's business as a Public Utility, that while some of said property has not been fully and completely developed by Your Orator, said property is carried on Your Orator's books as 're-serve property' and that when it becomes necessary to develop said property, same will be done; that the only purpose Your Orator has in holding said property is to develop same when it becomes necessary, so to do, and use all gas that may be produced therefrom to carry on and conduct its business as a Public Utility Corporation; and that in holding said property as a reserve for future development Your Orator is in fact and to all intents and purpose using in immediate connection with its business as a Public Utility Corporation."

Treating the above averment as correct that the said property is being held as a reserve for future development, is there thus presented a situation in which the assessment of the said properties should be made by the Board of Public Works rather than by the assessment officials of Wirt county? We think not.

It is the evident legislative intent that properties of public service corporations, including pipe line companies, directly employed by such companies in their service of the public and frequently lying in different counties, shall be assessed by the Board of Public Works. This is for the purpose of avoiding confusion that would inevitably result from the independent action of different assessment bodies.

Pertinent statutory provisions follow:

"On or before the first day of April in each year a return in writing to the board of public works shall be delivered to the state tax commissioner * * * by the owner or operator of every pipe line

wholly or in part within this state used for the transportation of oil or gas or water * * *." Code, Chapter 29, Sec. 84.

"In the case of a pipe line, such return shall show for each owner or operator: (a) the number of miles of pipe line owned, leased or operated within this state, the size or sizes of the pipe composing such line, and the material of which such pipe is made; (b) if such pipe line be partly within and partly without this state, the whole number of miles thereof within this state and the whole number of miles without this state, including all branches and connecting lines in and out of the state; (c) the length, size and true and actual value of such pipe line in each county of this state, including in such valuation the main line, branches and connecting lines, and stating the different values of the pipe separately; (d) its pumping stations, machine and repair shops and machinery therein, tanks, storage tanks and all other buildings, structures and appendages connected or used therewith, together with all real estate, other than its pipe line, owned or used by it in connection with its pipe line, including telegraph and telephone wires, and the true and actual value of all such buildings, structures, machinery and appendages and of each parcel of such real estate, including such telegraph and telephone lines, and the true and actual value thereof in each county in this state in which it is located; and the number and value of all tank cars, tanks, barges, boats and barrels; (e) its personal property of every kind whatsoever, including money, credits and investments, and the amount thereof wholly held or used in this state, showing the amount and value thereof in each county; (f) an itemized list of all other real property within this state, with the location thereof; (g) the actual capital employed in the business of such owner or operator, the total amount of the bonded indebtedness of such owner or operator with respect to such line, and of indebtedness not bonded; and, if such owner or operator be a corporation, its capital stock, the character, number and amount and the market value of the shares thereof, and the amount of capital stock actually paid in; its bonded indebtedness and its indebtedness not bonded." Code, Chapter 29, Sec. 88.

"All buildings and real estate owned or held by such owner or operator, and used or occupied for any purpose immediately connected with the property, shall be included in such assessment by the board of public works; but all real estate owned or held by any such owner or operator, and not used or occupied for purposes immediately connected with the property, shall be assessed as otherwise provided in this chapter." Code, Chapter 29, Sec. 106.

It will be noted in said section 88, following the requirement of a return of all real estate owned or used in connection with the pipe line, it is required by item (f) that there be listed all of the company's other real property within this state, with the location thereof. This latter requirement is apparently for the purpose of furnishing the board of public works with full information as to the company's holdings, in order that the board may be in the better position to discharge its duty in fixing the assessment, but this is in no wise at variance with the provisions of section 106 above quoted which requires that real estate other than that used or occupied for purposes immediately connected with the property shall be assessed as otherwise provided by Chapter 29 of the Code.

Undeveloped oil and gas territory owned in fee held in reserve by a pipe line company is not property used or occupied for purposes immediately connected with the pipe line, and therefore should not be assessed by the board of public works but by the proper authorities of the county where such real estate is located.

The case of *Ohio Fuel Oil Co.* v. *Price, et al.,* 77 W. Va. 207, cited by counsel for appellant, is not only authority for the proposition that the personal property owned and operated by a public service corporation is assessable by the board of public works, without regard to the situs of such property, whether connected with or disassociated from the immediate use and operation of property employed by it in serving the public, but it also recognizes that the legislature has made a

clear distinction between real and personal property and that the former, where not immediately connected with the pipe line system covered by the return to the board of public works, must be assessed by the local authorities.

It having been stated, in substance, by counsel for the defendants in oral argument of this cause at the bar of this Court that the defendants are willing that credit be allowed the appellant for taxes paid into Wirt County under the assessment of the board of public works, we assume that such course will be pursued, to the end that plaintiff may be relieved from double taxation for the year 1924.

Finding no error in the circuit court's decree dissolving the injunction and dismissing the suit, we affirm the same.

*Affirmed.*